NEW CASTLE COUNTY, Plaintiff below, Appellant,

v.

Samuel R. RICHESON, Jr., et al., Defendants below, Appellees,

v.

Mark E. RUBENSTEIN, Intervenor below, Appellee.

Supreme Court of Delaware.

Argued June 18, 1975.

Decided Oct. 9, 1975.

Joseph M. Bernstein, Wilmington, for plaintiff below, appellant.

Bruce M. Stargatt of Young, Conaway, Stargatt & Taylor, Wilmington, for defendants below, appellees.

Howard M. Handelman of Bayard, Brill & Handelman, Wilmington, for intervenor below, appellee.

Before McNEILLY, J., QUILLEN, Chancellor, and BROWN, Vice-Chancellor.

McNEILLY, Justice:

This appeal from denial of a Writ of Prohibition by Superior Court concerns the scope of the subject matter jurisdiction of the New Castle County Planning Board's quasi-judicial review power in the area of subdivision regulation.

I

The complex series of events leading up to this appeal began in 1964 when the then owners of the subject property covenanted to control its future development by requiring development plans to conform with an "updated master plan." The master plan as drawn by the parties essentially restricted the size of areas available for particular residential and non-residential uses. Any subsequent changes to "update" the master plan were made subject to approval by Levy Court (or its legal successor) which also was named as third-party beneficiary to the agreement.

The master plan was to be filed with the Regional Planning Commission (R.P.C.), which at that time controlled subdivisions

in New Castle County. To enforce compliance with the master plan, the agreement specified that developers would submit their proposed subdevelopment plans to the R.P.C. for approval, and that

"[i]n addition to all controls exercised by the [R.P.C.] under its existing statutory authority, practice and procedure, such commission shall also require that each plot conform to the concept of the updated master plan . . . "

In 1967, the New Castle County Reorganization Act abolished the R.P.C., 55 *Laws of Del*, Ch. 85, §§ 17, 44.

Thereafter, administrative control over subdivisions was vested in the New Castle County Department of Planning (Department), the Planning Board (Board), and County Council, and was exercised primarily through enactment and enforcement of Subdivision Regulations as discussed in our recent decision, *Acierno v. Folsom*, Del. Supr., 337 A.2d 309 (1975).

In 1969, the agreement was amended to "update" the master plan and to substitute the Department for the R.P.C. as the agency designated to enforce compliance with the master plan.

In early 1974, appellee (Developer) submitted to the Department for approval his preliminary plan for a shopping mall to be built in the subject area. On February 22, the Department concluded that it could not issue plan approval until certain points had been evaluated and resolved satisfactorily, including conformity with the master plan. At the request of the Department, the County Attorney then evaluated the

amended agreement and on March 26, concluded that the size of Developer's proposed plan did not conform to the concept of the updated master plan.

Meanwhile, Developer had already appealed the Department's initial decision to the Board on the issue of conformity with the master plan.[1] On March 27, the County Attorney advised the Board that it did not have the power to review this issue. When the Board replied that it would hold the review hearing as scheduled, the County sought a Writ of Prohibition from Superior Court; however, the Court denied the petition, reasoning that:

"The refusal to issue a preliminary plan approval is an act which can only be performed under the subdivision regulations. The Department decided that the 1964 Agreement was a basis to refuse the preliminary plan approval. This decision is appealable to the Board." *New Castle County v. Richeson*, C.A. 5162, 1974; opinion dated Aug. 27, 1974, at p. 3.

From this decision, the County appeals.[2]

## II

■■ The County argues that when the Department found that Developer's plan did not conform with the master plan, what arose at that point was essentially a dispute between two parties (Developer and Department) and as such, resolution was a matter requiring the exercise of judicial power beyond the scope of the Board's review power.

1. As to the other issues raised on that appeal, the parties agree that the Department erred.

2. The County did not seek to stay the Board's review hearing, and subsequently that hearing was held, the Board finding that Developer's plan did conform with the updated master plan. As a result, the Developer now argues

that this appeal is moot as the matter sought to be prohibited has already been concluded. However, we believe that the question of the scope of the Board's review power is of sufficient public interest to warrant a determination on the merits. *State ex rel. Traub v. Brown*, Del.Supr., 9 W.W.Harr. 187, 197 A. 478 (1938).

We agree. The Board's quasi-judicial review power over decisions by the Department derives from § 20–9 of the Subdivision Regulation, which provides in pertinent part:

"Sec. 20–9. Appeals

"Any subdivider aggrieved by a finding, decision or recommendation of the Department may appeal such action to the Planning Board within thirty days after notification of such action by the Department. The Planning Board, acting in a judicial capacity, shall then hold a hearing on the matter, during which both the Appellant (subdivider) and Appellee (Department) shall be given an opportunity to present testimony supporting their respective points of view, to include any applicable new material not previously considered in the course of plan review by the Department, or other applicable material.  *  *  *."

However, because this power does derive from and only from the Subdivision Regulations, the scope of reviewable subject matter must necessarily be limited to controversies arising out of the Department's interpretation and enforcement of the provisions of those Regulations. As the controversy in this case clearly arose out of interpretation and enforcement of the master plan, and did not in any way concern the substantive provisions of the Subdivision Regulations, we hold that the dispute over conformity with the master plan was beyond the scope of the Board's review power.[3] We cannot concur with the rationale of the Superior Court which ignored the substance of the controversy and mistakenly relied only on the form.

Accordingly, the judgment below must be reversed, but without prejudice to either the Department or the Developer to seek appropriate judicial resolution of the dispute.

Reversed.

3. As a result, the Board's subsequent decision finding conformity with the master plan was made without authority and is therefore a nullity.